**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES AYCOCK, #764082, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1173-M |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Neal Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case.

Statement of Case: Petitioner was convicted of aggravated assault on a public servant in the 195th Judicial District Court of Dallas County, Texas, Cause No. F94-61750. (Petition (Pet.) at 2). On September 27, 1996, punishment was assessed at ten years imprisonment. (Id.). Petitioner did not appeal. (Id. at 3). Nor did he file an application for a writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure. (Id.)

In his federal petition, filed on June 7, 2005, Petitioner alleges his conviction was illegal, he received ineffective assistance of counsel, and he was denied the opportunity to confront witnesses. (Pet. at 6-8).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have

---

[1] For purposes of this recommendation, the petition is deemed filed on June 4, 2005, the date Petitioner signed the same and placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not appeal his conviction.  As a result, his conviction became final on October 27, 1996, thirty days after the judgment of conviction.  See Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997), formerly Tex. R. App. P. 41(b)(1); see also Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000).  The one-year period began to run on October 28, 1996, the day after his conviction became final, and expired on October 27, 1997.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner did not file a state habeas application during the one-year period.  Therefore, the federal petition is clearly untimely.

In order to allow Petitioner to show whether equitable tolling applied to his case, the magistrate judge filed an order on July 12, 2005, requesting him to show cause why his petition should not be dismissed as time barred.  As of the date of this recommendation, Petitioner has not responded to the show cause order.

Nevertheless his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v.

3

Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity."  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).  As a matter of fact, he did nothing to appeal his sentence or request post-conviction relief in state court.  Petitioner also waited more than eight years before submitting this federal petition for filing.[2]  These delays – clearly of Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, the court concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed September 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district

---

[2] While he filed a prior federal habeas petition on July 23, 2004, it was dismissed on January 4, 2005, for want of prosecution.  See Aycock v. Dretke, 3:04cv1604 (N.D. Tex., Dallas Div.).

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.